Your Name: Valerie Estes

Address: 4021 Ohio ave

Richmond CA. 94804

Phone Number: 510.776.1596

Email Address: Valerie.estes86@gmail.com

Pro Se

FILED

APR 6 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Division [check one]:  ☐ San Francisco   ☐ Oakland   ☐ San Jose   ☐ Eureka-McKinleyville

Valerie Estes

Plaintiff,

v.

Contra Costa County Sheriff
1850 Muir Rd.
Martinez CA. 94553

Defendant.

Case No. CV26.02950

[NAME OF DOCUMENT]

Judge: Hon. _____

[DOCUMENT TITLE] _____

PAGE ___ OF ___                     JDC TEMPLATE, UPDATED 11/2024

FILED

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV26.02950

Valerie Estes
4021 Ohio Ave
Richmond California 94804
April 10, 2026
Contra Costa County Sheriff's Office

I am writing to formally complain about my Civil Rights being violated by Contra Costa County Sheriff's Office (ADA department).

I got injured at work 10/4/2024. I started with Contra Costa County Sheriff's April 2016. I worked at a jail (West County Detention Facility 5555 Giant Hwy. Richmond California 94806). The jail is a 24-hour facility. I worked 4/10s four days a week/ 10 hours shifts. The department has been understaffed for numerous years. Which resulted in excessive hours of *mandatory* overtime. Due to working many years of overtime, I became injured. Contra Costa County Sheriff's office accommodated my restriction until I was diagnosed with 19% permanent nerve damage in the right side of my neck (which runs down my right arm to my hand, across the front of my chest to my heart and my back from right to left). My restrictions are **no overtime, no weekends and don't lift over 5 pounds**. Once I was deemed to have **permanent** nerve damage I was told I was a hardship on the jail and had to be relocated. I was informed by Contra Costa County ADA department (Americans with Disabilities Act) in October 2025. *Please note: My injury did not stop me from completing any of my tasks. My tasks did not change before or after my injury.* Contra Costa County ADA (Americans with Disabilities Act) Manager Barbara Elliott informed me and my Union Vise President Stacie Hinton (AFSCME Local 2700) of the process. I'll be relocated, before the relocation a meeting will happen to inform me of my new duties/expectancy and to have my desk ergonomic assess and **prepared** before my starting date. I was also informed I was to pick a location (a new job). I was assigned; I did not get to pick. My start date was January 5, 2026. My Union Vise President Stacie Hinton (AFSCME Local 2700) fought for me with no results. My Union Vise President informed me my rights were violated. My Union Vise President instructed me to comply and file a case with California Civil Right Department (December 2025), which I did. The California Civil Right Department forwards my claim to EEOC (Equal Employment Opportunity Commission). EEOC sent me the *right to sue letter* January 2026.
I attempt to get legal representation with over 10 law firms to assist me in filing a claim. I was turned down by all. Each law firm took over a week to see if an attorney would take my case, just to be denied. Now, it's the last month. The *right to sue* letter only gives 90 days to file. My 90 days (deadline to file) is APRIL 27, 2026.

My job location moved from Richmond California to Martinez California. I live in Richmond California. I must drive further to work; I lost 5% of my pay (working in a jail employees get 5% hazard pay), the process was done incorrectly (after being advised over and over again by my Union Vise President Stacie Hinton) and my desk area has not been completed accommodated for me (ergonomically).

I'm seeking compensation for the monies loss, my rights violated, pain and suffering and the inconvenience of it all.

Sincerely,

Valerie Estes

 # U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/26/2026

**To:** Valerie Estes
4021 Ohio Ave.
Richmond, CA 94804-3326

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))

Charge No: 37A-2025-01340

EEOC Representative and email:     Karrie Maeda
State, Local, & Tribal Program Manager
karrie.maeda@eeoc.gov

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
01/26/2026
Christine Park-Gonzalez
District Director

**Cc:**
Contra Costa County
5555 Giant Hwy.
Richmond, CA 94806


Contra Costa County
c/o: Abigail Dye
1025 Escobar Street, 3rd Floor
Martinez, CA 94553


Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within **90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

*(See Reverse Side for Additional Information)*

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant for the** impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ✓ An impairment may be substantially limiting even though it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*